UNITED STATES DISTRICT COURT
District of Colorado

Civil Action No.:   12-CV-01078 REB-KLM

**KRISTAN ELLIOTT**

    **Plaintiff,**

**v.**

**ESSEX MOTORS, LLC**

    **Defendant.**

---

**DEFENDANT'S MOTION TO COMPEL ARBITRATION
AND STAY PROCEEDINGS**

---

Defendant, Essex Motors, LLC, by and through undersigned counsel, moves the Court, pursuant to 9 U.S.C. §§1, 2, 3 and 4, to compel arbitration and stay proceedings.

**INTRODUCTION**

On or about April 23, 2012, Plaintiff filed her Complaint in this Court against Defendant, asserting federal claims for a violation of the Truth in Lending Act ("TILA"), 15 U.S.C. §1601 *et seq.* (Count I) and state claims for Civil Theft, pursuant to C.R.S. §18-4-405 (Count II), violation of C.R.S. §5-3-208 regarding an Illegal Balloon payment (Count III), and violation of the Colorado Consumer Protection Act ("CCPA"), pursuant to C.R.S. §6-1-105 (Count IV).

The basis of Plaintiff's claims relate to Plaintiff's November 13, 2010 purchase of a 1999 Dodge Durango from Defendant.

Plaintiff and Defendant executed two (2) different Retail Installment Sale Contracts ("RISC") which included a comprehensive Arbitration Provision regarding all of Plaintiff's claims. Defendant's Exhibit A is the November 13, 2010 RISC which provided for fourteen (14) bi-weekly payments of $125.00 and one (1) final payment of $83.69 on June 11, 2011, which is attached and incorporated herein by reference. Exhibit B is the second November 13, 2010 RISC for one (1) payment of $2,000.00, which is attached and incorporated herein by reference.

Plaintiff has refused to pursue her claims through binding arbitration as set forth in the Arbitration Provisions of Exhibits A and B.

## FACTUAL BACKGROUND

Both Exhibits A and B contain an Arbitration Provision which states:

> Any claim, dispute or controversy ("claim") arising under or relating to this contract or the vehicle purchase agreement (except where the purchase agreement includes its own dispute resolution provisions, in which case such provisions shall control any claim arising under or relating to the purchase agreement), whether in contract or tort, including without limitation constitutional, statutory, common law, regulatory and equitable claims and claims regarding the validity, enforceability or scope of the contract shall, at your or our election, be resolved by binding arbitration. Such binding arbitration shall be conducted before a single arbitrator appointed in accordance with its applicable rules by the organization you select among the following: the Better Business Bureau, American Arbitration Association, Legal Resolution Center, Judicial Arbiter Group or Judicial Arbitration and Mediation Services. A party invoking arbitration after the filing of a court action must do so within thirty (30) days of service of the Complaint or other pleading initiating the action. The arbitration hearing shall be conducted in the applicable arbitration organization's office that is located nearest to where this Contract was executed. The arbitrator shall apply governing substantive law in making an award. If the applicable arbitration rules conflict with this arbitration provision, than this arbitration provision shall control. You agree to pay any administrative fees and arbitrator's fees and costs up to a maximum of $125. We shall pay any administrative fees and arbitrator's fees and costs in excess of $125. Each party shall be responsible for its own attorney, expert and other fees and costs. If a party unsuccessfully challenges the arbitrator's award or fails to comply with it, the other party is entitled to recover the costs, including reasonable attorneys' fees, of defending or enforcing the award. The parties expressly agree that this arbitration provision involves and concerns interstate commerce and is governed by the Federal Arbitration Act (9 U.S.C. §1, *et seq.*) to the exclusion of

>any different or inconsistent state or local law or judicial rule.  You and we unconditionally waive the right to litigate all claims in court, including the right to a jury trial, to participate as a member of any class in any class action, including class arbitration, and to consolidate your arbitration with others.  You and we retain any rights to self-help remedies, such as repossession, and to file a replevin action in court.  Neither you nor we waive the right to arbitrate by using self-help remedies or by filing a replevin action in court.  This arbitration provision shall survive any termination payoff or transfer of this contract.

Both Plaintiff and Defendant executed Exhibits A and B.  After Defendant lawfully took possession of the 1999 Dodge Durango, which was the subject of both RISCs, Plaintiff filed the present action.

As previously stated, Plaintiff refused to submit her claims to arbitration pursuant to the Arbitration Provision contained in Exhibits A and B.

## STANDARD OF REVIEW

9 U.S.C. §§1 and 2 require that the court have jurisdiction over the claims and that the contract at issue involves interstate commerce.  9 U.S.C. §4 provides that a party aggrieved by the alleged failure or refusal of another party to arbitrate under a written agreement may petition any United States district court for an order directing such arbitration proceed in the manner provided in such agreement.

The provisions of the Federal Arbitration Act ("FAA") reflect the liberal federal policy favoring arbitration and any doubts concerning the scope of arbitrability of issues should be resolved in favor of arbitration.  Moses H. Cone Memorial Hospital v. Mercury Const. Corp., 406 U.S. 1, 24, 103 S.Ct. 927, 941 74 L.Ed. 2d 765 (1983).  Prior to compelling arbitration, the court must be satisfied that the making of the arbitration agreement or the failure to comply with the arbitration agreement are not issues.  Id.  The FAA does not allow discretion of the court but does require that the court direct the parties to proceed to arbitration on issues to which an arbitration agreement applies.  Sedco, Inc. v. Pemet, 767 F.2d 1140 (C.A. 5 Tex.).

The court must first determine whether an agreement to arbitrate exits at all and whether the arbitration clause is broad or narrow.  Avedon Eng'g. v. Seatet, 126 F.3d 1279, 1283 (10th Cir. 1997).  As the party seeking to compel arbitration, the Defendant must present evidence sufficient to demonstrate an enforceable arbitration agreement.  See Smart-Text Corp. v. Interland, Inc., 296 F.Supp. 2nd 1257, 1263 (D.Kan. 2003).

Once a presumption of arbitration arises, the plaintiff bears the burden of proving facts sufficient to demonstrate that the arbitration clause does not apply to the dispute or is otherwise unenforceable  See Green Tree Fin. Corp.-Ala. V. Randolph, 531 U.S. 79, 91-92 (2000) (holding that party resisting arbitration has burden of proving that the claims are unsuitable for arbitration, that Congress intended to preclude arbitration of the claims or that arbitration is otherwise inappropriate)(citing Gilmer v. Interstate/Johnson Lane Corp., 500 U.S. 20, 26 (1991)).

## ARGUMENT

### I.    THE ARBITRATION PROVISION IS VALID AND ENFORCEABLE.

The Court has jurisdiction under 15 U.S.C.  §1601, *et seq.* and 28 U.S.C. §1367 to address the present motion because Plaintiff's TILA claim presents a federal question and Plaintiff asserts supplemental jurisdiction over Plaintiff's state claims pursuant to 28 U.S.C. §1367.

Under 9 U.S.C. §4, the interstate commerce component is met because both the Arbitration Provisions of Exhibits A and B state that the parties expressly agree that the Arbitration Provision involves and concerns interstate commerce.

Under both Colorado and federal law, which govern the Arbitration Provisions in this case, it is presumed that the Arbitration Provision is valid and should be enforced as written

unless there is an overriding public policy to the contrary. <u>Rains v. Found. Health Sys. Life & Health</u>, 23 P.3d 1249, 1254 (Colo. App. 2001). The grounds which exist for invalidating an arbitration agreement include contract defenses such as fraud, duress and unconscionableness. <u>Doctor's Associates, Inc. v. Casoiatto</u>, 517 U.S. 681, 686-687 (1996).

As can be seen from Plaintiff's Complaint, Plaintiff has not asserted claims of fraud or recission of the RISC based upon fraud. As such, it is clear that no defense to the formation of the RISC exists on the part of Plaintiff.

## II. PLAINTIFF'S CLAIMS MUST BE SUBMITTED TO ARBITRATION.

The Arbitration Provisions of Exhibits A and B are valid and enforceable. Thus, all of Plaintiff's claims, including state claims, must be submitted to arbitration. See <u>Peele v. Kidder, Peabody & Co.</u>, 670 F.Sup 61,63 (W.D. Mo. 1985). Unless Plaintiff can prove that there are no grounds for submitting all claims to arbitration, the Arbitration Provision of Exhibits A and B should be enforced.

## III. THE PROCEEDINGS SHOULD BE STAYED.

Pursuant to 9 U.S.C. §3, the present action should be stayed pending resolution of the arbitration.

## IV. CONCLUSION

Based upon the foregoing, Defendant respectfully requests the Court enter an Order compelling Plaintiff to submit her claims to arbitration and stay the proceedings.

Dated May 11, 2012.

Respectfully submitted,

s/Michael G. McKinnon
Michael G. McKinnon, # 24689
Attorney for Defendant
5984 South Prince Street Suite 100
Littleton CO 80120  (303) 795-2526
(303) 798-1780 facsimile  mgmckinnon@msn.com

## CERTIFICATE OF SERVICE

I hereby certify that on May 11, 2012, I electronically filed Defendant's Motion to Compel Arbitration and Stay Proceedings with the Clerk of Court using the CM/ECF system. I hereby certify that I have served a true and correct copy of the foregoing to the following in the same manner, in accordance with the Federal Rules of Civil Procedure and the Local Rules of this Court.

Jill Gookin, Esq.  
Gookin Krenning & Associates LLC  
770 North Lincoln Avenue  
Loveland CO 80537

Andrea Fulton, Esq.  
Gookin Krenning & Associates LLC  
770 North Lincoln Avenue  
Loveland CO 80537

Troy D. Krenning, Esq.  
Gookin Krenning & Associates LLC  
770 North Lincoln Avenue  
Loveland CO 80537

s/Melodie Sheisme