IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-01078-REB-KLM

KRISTAN ELLIOTT,

    Plaintiff,

v.

ESSEX MOTORS, LLC,

    Defendant.

_____

**ORDER DENYING STAY**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Defendant's **Motion to Stay Proceedings Pursuant to 9 U.S.C. § 3** [Docket No. 20; Filed August 16, 2012] (the "Motion"). On September 4, 2012, Plaintiff filed a Response in opposition to the Motion [#22], and on September 7, 2012, Defendant filed a Reply [#23]. The Motion is premised on the Defendant's pending Motion to Compel Arbitration and Stay Proceedings [#8] ("Motion to Arbitrate"). The Motion to Arbitrate has not been referred to the undersigned for resolution. On the basis of the Motion to Arbitrate, Defendant seeks to stay discovery in this case until the validity of the parties' alleged arbitration agreement is established. For the reasons set forth below,

IT IS HEREBY **ORDERED** that the Motion [#20] is **DENIED**.

Stays are generally disfavored in this District. *See Wason Ranch Corp. v. Hecla Mining Co.*, No. 07-cv-00267-EWN-MEH, 2007 WL 1655362, at *1 (D. Colo. June 6, 2007)

(unpublished decision). However, a stay may be appropriate in certain circumstances. The Court weighs several factors in making a determination regarding the propriety of a stay. *See String Cheese Incident, LLC v. Stylus Show, Inc.*, No. 02-cv-01934, 2006 WL 894955, at * 2 (D. Colo. Mar. 30, 2006) (unpublished decision) (denoting a five-part test). The Court considers (1) the interest of Plaintiff; (2) the burden on Defendants in going forward; (3) the Court's convenience; (4) the interest of nonparties, and (5) the public interest in general. *Id.* Here, those factors weigh against entry of a stay.

First, the Court notes that Plaintiff opposes a stay and expresses an interest in proceeding expeditiously with discovery. *See Response* [#22]. This is a reasonable position, as the Court has generally found that with the passage of time, the memories of the parties and other witnesses may fade, witnesses may relocate or become unavailable, or documents may become lost or inadvertently destroyed. As such, delay may diminish Plaintiff's ability to proceed and may impact her ability to obtain a speedy resolution of her claims.

Second, in contrast, Defendant does not suggest any *undue* burden in proceeding with the case. The ordinary burdens associated with litigating a case do not constitute undue burdens. *See Collins v. Ace Mortgage Funding, LLC*, 08-cv-1709-REB-KLM, 2008 WL 4457850, at *1 (D. Colo. Oct. 1, 2008). Although Defendant has filed a Motion to Arbitrate which, if successful, may justify the imposition of a stay during the pendency of the arbitration, the Motion is not based on grounds typically warranting the imposition of a stay. More specifically, while courts have frequently imposed a stay when compelling issues relating to jurisdiction or immunity have been raised, cf. *Siegert v. Gilley*, 500 U.S. 226, 231-32 (1991) (noting that immunity is a threshold issue and discovery should not be

allowed while the issue is pending); *Gilbert v. Ferry*, 401 F.3d 411, 415-16 (6th Cir. 2005) (finding stay permissible pending ruling on dispositive motion involving traditional jurisdictional issue), a stay is only required *after* a determination has been made that the parties have a valid arbitration agreement. *See* 9 U.S.C. § 3 (stay only required by the court "upon being satisfied that the issue involved . . . is referable to arbitration"); *see also Qualcomm Inc. v. Nokia Corp.,* 466 F.3d 1366, 1370 (Fed. Cir. 2006) (if district court satisfied issue involved is arbitrable, then it must grant stay). As the Motion to Arbitrate is not referred to the undersigned, the Court takes no position as to Defendant's likelihood of success on it.

Moreover, as has been the Court's standing practice when resolving motions on this issue, absent an extraordinary or unique burden imposed by the discovery at issue, the Court finds that, on balance, a consideration of the first two *String Cheese* factors weighs against the imposition of a stay. *Compare Stone v. Vail Resorts Dev. Co.*, No. 09-cv-02081-WYD-KLM, 2010 WL 148278 (D. Colo. Jan. 7, 2010) (granting rare stay due to existence of class claims and potentially onerous discovery during pendency of motion to compel arbitration which would likely foreclose pursuit of class claims), *with e.g.*, *Lester v. Gene Exp, Inc.*, No. 09-cv-02648-REB-KLM, 2010 WL 743555 (D. Colo. Mar. 2, 2010) (denying stay during pendency of motion to compel arbitration); *Bushman Inv. Props., Ltd. v. DBSI E-470 East LLC*, No. 09-cv-00674-MSK-KLM, 2010 WL 330224 (D. Colo. Jan. 20, 2010) (same); *Orbitcom, Inc. v. Qwest Communs. Corp.*, No. 09-cv-00181-WDM-KLM, 2009 WL 1668547 (D. Colo. June 15, 2009) (same). It is not clear that the circumstances of this case present a compelling reason for deviating from the Court's prior decisions in this area. Further, any future participation in discovery by Defendant may arguably prove

useful if the parties are ultimately required to arbitrate this dispute.

Finally, the Court also considers its own convenience, the interest of nonparties, and the public interest in general. None of these factors prompts the Court to reach a different result. The Court is inconvenienced by an ill-advised stay because the delay in prosecuting the case which results from imposition of a stay makes the Court's docket less predictable and, hence, less manageable. This is particularly true when the stay is tied to a resolution of a motion for which ultimate success is not guaranteed. While the Court identifies no particular interest of persons not parties in the litigation, the Court identifies a strong interest held by the public in general regarding the prompt and efficient handling of all litigation. Under these circumstances, the Court finds that a stay of discovery is not warranted.

Dated: September 13, 2012

BY THE COURT:

Kristen L. Mix
United States Magistrate Judge