**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No. 12-cv-01078-REB-KLM

KRISTAN ELLIOTT,

    Plaintiff,

v.

ESSEX MOTORS, LLC,

    Defendant.

## AMENDED[1] ORDER GRANTING MOTION TO COMPEL ARBITRATION

**Blackburn, J.**

The matters before me are (1) **Defendant's Motion To Compel Arbitration And Stay Proceedings** [#8][2] filed May 15, 2012; and (2) **Plaintiff's Motion for Partial Summary Judgment** [#25] filed January 10, 2013. I grant the motion to compel arbitration[3], and I deny as moot the motion for partial summary judgment.

### I.  JURISDICTION

I have putative jurisdiction over this matter under 28 U.S.C. §§ 1331 (federal

---

[1] I enter this amended order to correct the chronology of relevant actions described in footnote two in the order [#30] entered March 18, 2013. The motion was filed and referred on May 15, 2012. The referral was withdrawn the next day. Thus, the magistrate judge has never had primary responsibility for consideration of the motion. I apologize to the magistrate judge for indicating the contrary.

[2] "[#8]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's electronic case filing and management system (CM/ECF). I use this convention throughout this order.

[3] On the same day this motion was filed, it was referred to the magistrate judge for recommendation. *See* [#9] entered May 15, 2012. However, on May 16, 2012, in an unnumbered entry in CM/ECF, the referral was inexplicably withdrawn.

question) and 1367 (supplemental jurisdiction) and under 9 U.S.C. §§ 1 and 2.

## II.  STANDARD OF REVIEW

The decision whether to enforce an arbitration agreement involves a two-step inquiry.  First, I must determine whether the parties agreed to arbitrate the dispute. ***Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth***, 473 U.S. 614, 626, 105 S.Ct. 3346, 3353, 87 L.Ed.2d 444 (1985); ***Williams v. Imhoff***, 203 F.3d 758, 764 (10th Cir. 2000).  I then must consider whether any statute or policy renders the claims non-arbitrable.  ***Mitsubishi Motors Corp.***, 105 S.Ct. at 3355; ***Williams***, 203 F.3d at 764.

## III.  ANALYSIS

The history and chronology of relevant facts are essentially undisputed and are presented in the motion. *See* Motion at 1-3. The basis of the claims of the plaintiff relate to her purchase on November 13, 2010, of a 1999 Dodge Durango from defendant. Plaintiff asserts claims federal claims for a violation of the Truth in Lending Act ("TILA"), 15 U.S.C. §1601 et seq. (Count I) and state claims for Civil Theft, under §18-4-405, C.R.S. (Count II), for an Illegal Balloon payment under §5-3-208, C.R.S., (Count III), and for violation of the Colorado Consumer Protection Act ("CCPA"), under §6-1-105, C.R.S., (Count IV). Defendant argues that under the apposite contracts governing the transaction, these claims are subject to mandatory, binding arbitration.

The question whether the parties agreed to arbitrate focuses on two considerations:  (1) whether there is a valid agreement to arbitrate; and (2) whether the dispute falls within the scope of that agreement.  *See **National American Insurance Co. v. SCOR Reinsurance Co.***, 362 F.3d 1288, 1290 (10th Cir. 2004); ***Via Fone, Inc. v. Western Wireless Corp.***, 106 F.Supp.2d 1147, 1150 (D. Kan. 2000).  "The existence of an agreement to arbitrate is a threshold matter which must be established before the

FAA can be invoked." ***Avedon Engineering, Inc. v. Seatex***, 126 F.3d 1279, 1287 (10th Cir. 1997).  State law principles of contract formation govern whether a valid arbitration agreement exists.  ***Hardin v. First Cash Financial Services, Inc.***, 465 F.3d 470, 475 (10th Cir. 2006).  There is no presumption in favor of arbitration with respect to this prong of the test.  *See **Axis Venture Group, Inc. v. 1111 Tower, LLC***, 2010 WL 1278306 at *2 (D. Colo. March 30, 2010).  Defendant bears the initial burden to present evidence sufficient to suggest that an enforceable agreement to arbitrate exists.  ***Id.*** at *3.  If it does so, the burden then shifts to plaintiff to demonstrate a genuine issue of material fact as to the making of the agreement.  ***Id.***

Plaintiff and defendant executed two different Retail Installment Sales Contracts (RISC).  *See* Motion at Plaintiff's Exhibit 1 [#8-1] and Plaintiff's Exhibit 2 [#8-2].  Both RISCs contain an Arbitration Provision which states:

> Any claim, dispute or controversy ("claim") arising under or relating to this contract or the vehicle purchase agreement (except where the purchase agreement includes its own dispute resolution provisions, in which case such provisions shall control any claim arising under or relating to the purchase agreement), whether in contract or tort, including without limitation constitutional, statutory, common law, regulatory and equitable claims and claims regarding the validity, enforceability or scope of the contract shall, at your or our election, be resolved by binding arbitration. Such binding arbitration shall be conducted before a single arbitrator appointed in accordance with its applicable rules by the organization you select among the following: the Better Business Bureau, American Arbitration Association, Legal Resolution Center, Judicial Arbiter Group or Judicial Arbitration and Mediation Services. A party invoking arbitration after the filing of a court action must do so within thirty (30) days of service of the Complaint or other pleading initiating the action. The arbitration hearing shall be conducted in the applicable arbitration organization's office that is located nearest to where this Contract was executed. The arbitrator shall apply governing substantive law in making an award. If the applicable arbitration rules conflict with this arbitration provision, than this arbitration provision shall control. You agree to pay any administrative fees and arbitrator's fees and costs up to a maximum of $125. We shall pay any administrative fees and arbitrator's fees and costs in excess of $125. Each party shall be responsible for its own attorney, expert and

>other fees and costs. If a party unsuccessfully challenges the arbitrator's award or fails to comply with it, the other party is entitled to recover the costs, including reasonable attorneys' fees, of defending or enforcing the award. The parties expressly agree that this arbitration provision involves and concerns interstate commerce and is governed by the Federal Arbitration Act (9 U.S.C. §1, et seq.) to the exclusion of any different or inconsistent state or local law or judicial rule. You and we unconditionally waive the right to litigate all claims in court, including the right to a jury trial, to participate as a member of any class in any class action, including class arbitration, and to consolidate your arbitration with others. You and we retain any rights to self-help remedies, such as repossession, and to file a replevin action in court. Neither you nor we waive the right to arbitrate by using self-help remedies or by filing a replevin action in court. This arbitration provision shall survive any termination payoff or transfer of this contract.

Applying the foregoing principles of analysis to the undisputed facts, I find and conclude that the relevant provisions of both RISCs constitute valid and enforceable agreements to arbitrate to which both parties are bound. There is a valid agreement to arbitrate, and the dispute falls within the scope of that agreement. The plaintiff has not established a genuine issue of material fact concerning the making or enforceability of the agreement to arbitrate. Defendant has countered cogently each argument advanced by the plaintiff in her response. Thus, defendant's motion to stay this case pending arbitration will be granted.  **See** 9 U.S.C. § 3.[4]  However, under D.C.COLO.LCivR. 41.2,

---

[4] Despite the seemingly mandatory language of section 3, the majority of federal courts hold that a district court may dismiss rather than stay a complaint when all claims therein are arbitrable. **See, e.g.**, **Choice Hotels International, Inc. v. BSR Tropicana Resort, Inc.**, 252 F.3d 707, 709-10 (4th Cir. 2001); **Green v. Ameritech Corp.**, 200 F.3d 967, 973 (6th Cir. 2000); **Fedmet Corp. v. M/V BUYALYK**, 194 F.3d 674, 678 (5th Cir. 1999); **Bercovitch v. Baldwin School, Inc.**, 133 F.3d 151, 156 & n.21 (1st Cir. 1998); **Sparling v. Hoffman Construction Co.**, 864 F.2d 635, 638 (9th Cir. 1988); **Black and Veatch International Co. v. Wartsila NSD North America, Inc.**, 1998 WL 953966 at *4 (D. Kan. Dec. 17, 1998). **But see Lloyd v. Hovensa, LLC**, 369 F.3d 263, 269-71 (3rd Cir. 2004).  Although the Tenth Circuit has not addressed this issue directly, it has intimated that a district court may dismiss when a party specifically requests dismissal rather than a stay.  **See Armijo v. Prudential Insurance Co. v. America**, 72 F.3d 793, 796-97 (10th Cir. 1995) (finding appellate jurisdiction from order dismissing a case in which all claims were referred to arbitration and distinguishing **Adair Bus Sales, Inc. v. Blue Bird Corp.**, 25 F.3d 953, 954-55 (10th Cir. 1994), in which appellate jurisdiction of order compelling arbitration was found lacking because defendant had requested a stay, not dismissal).

Because defendant here does not request dismissal, either principally or in the alternative, I am foreclosed by **Adair** from doing other than staying this action.

I will direct the clerk to administratively close this case, subject to reopening for good cause.

## IV.  ORDERS

**THEREFORE, IT IS ORDERED** as follows:

1. That **Defendant's Motion To Compel Arbitration And Stay Proceedings** [#8] filed May 15, 2012 is **GRANTED** insofar as consistent with the following orders;

2. That **Plaintiff's Motion for Partial Summary Judgment** [#25] filed January 10, 2013, is **DENIED** as moot;

3. That as soon as practicable, the parties **SHALL PROCEED** to arbitration;

4. That this case is **STAYED** pending the outcome of the arbitration of the claims of the plaintiff;

5. That the Trial Preparation Conference set May 3, 2013, at 3:00 p.m., and the trial set to commence on May 20, 2013, are **VACATED**;

6. That under D.C.COLO.LCivR 41.2, the clerk is **DIRECTED** to close this case administratively, subject to reopening for good cause; and

7. That this order **SUPPLANTS** and **SUPERSEDES** the **Order Granting Motion To Compel Arbitration** [#30] entered March 18, 2013.

Dated March 18, 2013, at Denver, Colorado.

                                                **BY THE COURT:**

*Bob Blackburn*
Robert E. Blackburn
United States District Judge